IN CLERK...
U.S. DISTRICT CO...
★  ...  1 9 2005  ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                  ::
ROBERT CARROLL,                                                   :        04 CV 4446 (ARR)
                                                                 :
                    Plaintiff,                                   :        NOT FOR ELECTRONIC
                                                                 :        OR PRINT
    -against-                                                    :        PUBLICATION
                                                                 :
CERTIFIED MOVING & STORAGE, CO., LLC,                            :        OPINION AND ORDER
                                                                 :
                    Defendant.                                   :
                                                                  X
----------------------------------------------------------------

ROSS, United States District Judge:

Plaintiff Robert Carrroll brought the instant action against defendant Certified Moving & Storage Co., LLC ("Certified") on October 14, 2004, alleging violations of the Americans with Disabilities Act ("ADA") and New York law. Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), claiming that plaintiff failed to serve process within the 120 day period proscribed by Fed. R. Civ. P. 4(m). For the reasons stated below, defendant's motion to dismiss is denied.

## BACKGROUND

Plaintiff, who became addicted to cocaine in 2003, had his employment terminated by Certified on or about October 17, 2003 when he advised a supervisor that he had a drug problem and would be entering a rehabilitation program. Complaint ¶¶ 14-15. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and received a right to sue letter dated July 16, 2004. Id. ¶ 30. Plaintiff thereafter filed his complaint in the instant on October 14, 2004. Plaintiff's counsel has affirmed that he

1

gave the summons and complaint to Richmond County Process Servers, Inc. on the day these documents were filed with the court. Affirmation of Thomas E. Bello ¶ 6. Counsel acknowledges that service was not timely filed, but he asserts that plaintiff had no control over the matter and was otherwise diligent. Id. ¶¶ 7-8. Glen Burroughs, the owner of Richmond County Process Servers, has submitted an affidavit indicating that he was given a summons and complaint in the above-captioned matter in October of 2004. Affidavit of Glen Burroughs ¶ 3. Burroughs has further indicated that, after filing the complaint with the court, he gave a copy to another process server to serve on the defendant. Id. ¶ 5. Burroughs acknowledges that process was not served within the 120 day period. Id.

## DISCUSSION

I.   <u>Statute of Limitations</u>

While defendant has not explicitly addressed the statute of limitations, defendant's motion raises the question whether plaintiff would be barred from refiling were the court to dismiss plaintiff's complaint. Plaintiff was required to file his complaint within ninety days after receiving the EEOC's right to sue letter. <u>See</u> 42 U.S.C. § 2000e-5(f)(1). That letter was dated July 16, 2004. Applying the usual presumption that the letter was received three days after mailing, <u>see</u> <u>Sherlock v. Montefiore Med. Ctr.</u>, 84 F.3d 522, 525 (2d Cir. 1996), the 90-day filing period was due to expire on October 18, 2004. Plaintiff filed suit on October 14, 2004, thereby tolling the statute of limitations with four days to spare. From that date, Carroll had 120 days to perfect service of process. <u>See</u> Fed. R. Civ. P. 4(m). It is undisputed that Carroll did not serve process on defendant until March 3, 2005. The limitations period remained suspended during the 120-day period for perfecting service of process. Upon the completion of that tolling period on

2

February 11, 2005, unless the court extends the period for serving process, the statute would have begun to run again, <u>Frasca v. United States</u>, 921 F.2d 450, 453 (2d Cir. 1990), and would have run until the four remaining days of the limitations period expired, i.e., until February 15, 2005. Rule 4(m) states that a dismissal for failure properly to serve the defendant within 120 days of the filing of the complaint is without prejudice. "Nevertheless, dismissal is proper even if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's claim." <u>Frasca</u>, 921 F.2d at 453. Thus, unless the court determines that it is appropriate to extend the period for serving process, a dismissal under Rule 4(m) would mean that plaintiff is time-barred from refiling.

## II.    Extension of Service

Rule 4(m) governs any extension of the limitations period for a plaintiff's claim. The rule provides that courts shall extend the time for service beyond 120 days if a plaintiff shows "good cause." Plaintiffs bear the burden of showing that there was good cause in failing to timely serve a defendant. Fed. R. Civ. P. 4(m); <u>AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.</u>, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). In determining whether the plaintiff has demonstrated good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay. <u>AIG Managed Market Neutral Fund</u>, 197 F.R.D. at 108. "A delay in service resulting from mere inadvertence, neglect or mistake of a litigant's attorney does not constitute good cause." <u>Id.</u>; <u>McKibben v. Credit Lyonnais</u>, No. 98 Civ. 3358 (LAP), 1999 WL 604883, *4 (S.D.N.Y. Aug. 10, 1999) ("It is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served.") (citations and internal quotation marks omitted); <u>Delicata v.</u>

Bowen, 116 F.R.D. 564, 566 (S.D.N.Y. 1987) (holding clerical error in attorney's office is not good excuse).

In the instant case, plaintiff's counsel has stated that the process server failed to serve defendant within the statutorily proscribed period. Affirmation of Thomas E. Bello ¶ 7. The process server has indicated that he was instructed to file the summons and complaint in October of 2004. Affidavit of Glen Burroughs ¶ 3. The process server has further stated that he gave the documents to a colleague, who did not serve defendant until after the expiration of the 120 day period. Id. ¶ 4. Plaintiff's failure to serve defendant within the 120 day period amounts to a classic example of inadvertence, and counsel has made no attempt to explain that he monitored the process server's activity or took any steps to assure that the defendant was timely served. As a result, the court cannot find that plaintiff has demonstrated good cause in failing to timely serve the defendant.

While an extension must be granted if the plaintiff meets the standard for a good cause extension, it may be granted if the court exercises its discretionary authority to extend the deadline. The Advisory Committee Notes to Rule 4(m) state that courts may "relieve a plaintiff of the consequences of an application of [the rule] even if there is no good cause shown." Fed. R. Crim. P. 4(m) Advisory Committee's Note (1993 amendments); AIG Managed Market Neutral Fund, 197 F.R.D. at 109. Thus, dismissal is not mandatory in the absence of good cause. The Advisory Committee Notes provide guidance as to when the court should exercise its discretion, stating that "relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Advisory Committee Notes to Fed. R. Civ. P. 4(m). The identified factors

4

are not exhaustive, id., and courts have typically invoked four relevant considerations. "Factors to be considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." Eastern Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999) (citation omitted). "Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." AIG Managed Market Neutral Fund, 197 F.R.D. at 109 (citations omitted). Moreover, a defendant's assertion "that not permitting it to take advantage of an expired statute of limitations is itself a form of prejudice . . . is erroneous." Id. at 111.

Since the plaintiff would be time-barred from refiling and the court can imagine no prejudice to defendant if Rule 4(m) relief is granted, the balance of equities tips in favor of the plaintiff. Granting the plaintiff a discretionary extension also furthers the principle that litigation should generally be resolved on the merits. See Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995).

## CONCLUSION

For the foregoing reasons, the court denies defendant's motion to dismiss the complaint for failure to timely effect service. The court exercises its discretion to extend the period for serving process and finds such process, served on March 3, 2005, to have been effective.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: July 18, 2005
      Brooklyn, New York

SERVICE LIST:

Attorney for Plaintiff
Thomas F. Bello
Thomas F. Bello, Esq. P.C.
515 Bement Avenue
Staten Island, NY 10310

Attorney for Defendant
David E. Potter
Lazare, Potter & Giacovas, L.L.P.
950 Third Avenue
New York, NY 10022